IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Delia Webster | ) |
| | ) |
| | ) |
|     Plaintiff, | ) Jury Demand |
| | ) |
| v. | ) |
| | )   1:13-cv-1975 |
| | ) |
| Bayview Loan Servicing, LLC | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

### I.    INTRODUCTION

This action is filed by Plaintiff, Delia Webster (hereinafter "Ms. Webster"), to remedy Defendant Bayview Loan Servicing, LLC's (hereinafter "Bayview") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA) and the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA).

**JURISDICTION AND VENUE**

1. Defendant, Bayview Loan Servicing is a for-profit financial institution which conducts business in the State of Indiana.

2. Federal and State Courts of Indiana have concurrent jurisdiction over Plaintiff's action brought under TCPA and FDCPA.

3. This Court has federal question subject matter jurisdiction over the TCPA claim alleged in this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

5. Ms. Webster is an individual who resides in Indiana.

6. Bayview is a debt collector who has attempted to collect a debt originally owed by Ms. Webster to BAC Home Loans Servicing (hereinafter "BAC").

**FACTUAL ALLEGATIONS**

7. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

8. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

9. The case involves an alleged debt, originally owed by Ms. Webster to BAC.

10. On April 30th, 2010, Ms. Webster filed for bankruptcy. (Case 2:10-bk-27210 Doc 1).

11. As part of Ms. Webster's bankruptcy, the debt at issue in this case was fully discharged. (Case 2:10-bk-27210-TD Doc 1 and 19)

12. BAC was made aware of this bankruptcy petition and subsequent discharge, as verified in the Mailing List of Ms. Webster's petition. (Case 2:10-bk-27210 Doc 1)

13. Bayview has repeatedly contacted Ms. Webster's cell-phone using an automated dialing system to collect on a debt owed by Ms. Webster.

14. Bayview contacted Ms. Webster's cellphone in an attempt to collect the debt at issue in this case on dates including but not limited to 11/7/2012; 11/19/2012; 11/26/2012; 12/5/2012; 2/20/2013; 2/28/2013.

15. Plaintiff verbally requested Bayview to cease all contact and referred Bayview to the aforementioned bankruptcy proceedings. Bayview continued calling despite these requests.

16. On March 20, 2013, Bayview sent a letter to Ms. Webster through the mail in an attempt to collect this debt. **Exhibit A**

17. Defendant, Bayview was barred from contacting Ms. Webster to collect the debt because of the Bankruptcy filing, both by operation of law through the automatic stay, and because the affirmative act of filing a bankruptcy constitutes sufficient notice that a consumer does not wish to be contacted directly by creditors, regarding alleged debts.

18. Bayview obtained the servicing rights and/or acquired ownership of the debt at issue in this case after the debt was already in default.

19. Plaintiff was substantially damaged by the violations alleged herein. They were forced to use airtime on their cellular telephone plans, their privacy was improperly invaded and they were subjected to illegal harassment when they were entitled to peace.

**LEGAL ALLEGATIONS: COUNT I- FDCPA**

20. Paragraphs 1-18 are re-alleged here and incorporated through reference.

21. Defendant is a "debt collectors" as defined by the FDCPA.

22. Ms. Webster is a "consumers" as defined by the FDCPA.

23. Defendant attempted to collect an alleged "debt" as defined by FDCPA.

24. Defendant violated the FDCPA, 15 U.S.C. § 1692(f) when it used unfair or unreasonable means to collect or attempt to collect the debt. .

25. Defendant violated the FDCPA, 15 U.S.C. § 1692(e) when it used false or misleading representations to collect a debt.

**LEGAL ALLEGATIONS: COUNT II- TCPA**

26. The allegations of paragraphs 1 through 18 are re-alleged and incorporated by reference.

27. Defendant violated TCPA §227(b)(1)(A)(iii) by placing calls via an automated dialing system to the cellular phone device of Ms. Webster.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple negligent and/or knowing or willful violations of the TCPA.

WHEREFORE, Plaintiff requests that the Court declare that Defendant violated FDCPA and TCPA, enjoin the Defendant from committing any future violations of the FDCPA and TCPA, and award Plaintiff actual and compensatory damages permissible under the FDCPA and TCPA statutes, and grant Plaintiff all other relief the court deems to be just and proper.

 12/13/13  
DATE

/s/Syed Ali Saeed  
Syed Ali Saeed (#28759-49)  
1433 N. Meridian St., Suite 202  
Indianapolis, IN 46202  
Phone: 317-614-5741  
Fax: 888-422-3151  
ali@sllawfirm.com

## JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| _12/13/13_<br>DATE | /s/Syed Ali Saeed<br>Syed Ali Saeed (#28759-49)<br>1433 N. Meridian St., Suite 202<br>Indianapolis, IN 46202<br>Phone: 317-614-5741<br>Fax: 888-422-3151<br>ali@sllawfirm.com |

## *CERTIFICATE* OF SERVICE

I hereby certify that on the on the 13th day of December, 2013 a copy of the foregoing Motion was mailed to the following recipients: (1) by first-class U.S. Mail, postage prepaid, and properly addressed; or (2) sent via the courts electronic filing system.

Registered Agent of Bayview Loan Servicing, LLC
CT Corporation System
150 West Market Street Suite 800
INDIANAPOLIS , IN  46204

/s/Syed Ali Saeed
Syed Ali Saeed (#28759-49)
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Phone: 317-614-5741
Fax: 888-422-3151
ali@sllawfirm.com