UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELIA WEBSTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-01975-TWP-DML |
| BAYVIEW LOAN SERVICING, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant Bayview Loan Servicing, LLC ("Bayview") ([Filing No. 47](#)). Plaintiff Delia Webster ("Ms. Webster") filed a complaint against Bayview, asserting claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692p ("FDCPA"). Bayview made an offer to tender the full amount of relief sought in Ms. Webster's Complaint, which Ms. Webster has rejected. For the following reasons, Bayview's Motion to Dismiss is **GRANTED**.

## I. LEGAL STANDARD

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (internal citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (internal citation and quotation marks omitted).

Article III of the United States Constitution confers on the federal courts jurisdiction over cases and controversies. Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980). A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). Therefore, "[a] case is moot when there is no live controversy between the parties on the merits of the underlying claim." *Breneisen v. Motorola, Inc.*, 656 F.3d 701, 706 (7th Cir. 2011). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Holstein*, 29 F.3d at 1147.

## II. <u>BACKGROUND</u>

Ms. Webster received a bankruptcy discharge of a mortgage loan owed to non-party BAC Home Loan servicing, which loan Bayview began to service in 2012. On December 13, 2013, Ms. Webster filed a Complaint against Bayview, asserting claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692p ([Filing No. 1](Filing No. 1)). Ms. Webster alleged that Bayview called her cellular telephone six times using an automatic telephone dialing system without her prior express consent to do so, which violated the TCPA. Ms. Webster asked Bayview to cease all communications with her, but Bayview continued to make telephone calls to her cellular telephone. Bayview also sent a letter to Ms. Webster regarding the debt that had been discharged through bankruptcy proceedings, which she alleges violated the FDCPA. In her Complaint, Ms. Webster requested an award of "actual and compensatory damages permissible under the FDCPA and TCPA statutes," an order

"enjoin[ing] the Defendant from committing any future violations of the FDCPA and TCPA," and a declaratory judgment that Bayview violated the FDCPA and TCPA (Filing No. 1 at 4). On March 31, 2014, Bayview filed its Answer to Ms. Webster's Complaint (Filing No. 24). Bayview denied the allegations that it had violated the TCPA and the FDCPA.

On May 13, 2014, Ms. Webster filed a Motion for Leave to File an Amended Complaint (Filing No. 27). Attached to the Motion for Leave was Ms. Webster's proposed amended complaint, which asserted Ms. Webster's individual TCPA and FDCPA claims and also added class claims under the TCPA (Filing No. 27-1). The proposed amended complaint alleged that Bayview made three additional telephone calls to Ms. Webster's cellular telephone using an automatic telephone dialing system after Ms. Webster had filed her Complaint in December 2013. The proposed amended complaint also requested an award of damages, attorney fees and costs, and injunctive and declaratory relief, as well as certification of Ms. Webster's proposed class.

Also on May 13, 2014, Ms. Webster also filed a Motion for Class Certification, requesting that the Court certify her proposed class in her proposed amended complaint, which had been tendered to the Court but not yet filed (Filing No. 29). Ms. Webster explained the reason for her simultaneous filing of the Motion for Class Certification and Motion for Leave to File an Amended Complaint:

> Plaintiff files this motion at this early juncture in order to avoid being "picked off" through a Rule 68 offer of judgment or individual settlement offer. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-96 (7th Cir. 2011) (holding named plaintiff's lack of a personal stake in the action deprived the court of jurisdiction over class claims where defendant offered to fully satisfy plaintiff's individual claims before a motion for class certification had been filed); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013).

([Filing No. 29 at 4](#).) A status conference with the Magistrate Judge was held on May 20, 2014. (Filing No.40). Thereafter, the Magistrate Judge granted Bayview's unopposed motion for extension of time to June 17, 2014 to file a response to the motions to amend and certify class.

On June 13, 2014, before the pending motions became ripe for ruling, Bayview offered to tender to Ms. Webster the full amount of relief sought in her Complaint. (Filing No. 49-1.) Four days later, on June 17, 2014, Bayview filed a Motion to Strike Ms. Webster's Motion for Class Certification on the basis that the operative pleading in the case, Ms. Webster's Complaint filed on December 13, 2013, asserted only individual claims under the TCPA and the FDCPA, and no class claims were pending in this Court. ([Filing No. 46](#)). Because the Motion for Leave to Amend was still pending and the proposed amended complaint asserting class claims was not yet filed, Bayview asserted that Ms. Webster's Motion for Class Certification was premature and should be stricken. On June 17, 2014, Bayview also filed its Motion to Dismiss for Lack of Jurisdiction ([Filing No. 47](#)). Bayview based its Motion to Dismiss on its offer of full relief and Ms. Webster's rejection of the offer. Bayview also filed a Motion for Oral Argument on its Motion to Dismiss ([Filing No. 50](#)).

On June 19, 2014, Ms. Webster rejected Bayview's offer (Filing No. 57-2).

### III. <u>DISCUSSION</u>

As Bayview correctly asserted in its Motion to Dismiss, the operative pleading in this action is Ms. Webster's Complaint, which was filed on December 13, 2013. Ms. Webster's Complaint asserted two individual, personal claims against Bayview for alleged violations of the TCPA and the FDCPA. Class claims were not pleaded, and the Complaint was not styled or drafted as a class complaint.

4

Ms. Webster filed her Motion for Leave to Amend the Complaint to add class claims under the TCPA on May 13, 2014. She also contemporaneously filed her Motion for Class Certification. Following a status conference with the parties on May 20, 2014, the Magistrate Judge noted that she would "schedule briefing of the motion for class certification (Dkt. 29) as necessary following ruling on the motion for leave to amend (Dkt. 27)." ([Filing No. 40](Filing No. 40).) By this Entry, the Court implicitly acknowledged that a class complaint was not yet filed with the Court and that determining the propriety of class certification was not yet ripe and might not become necessary depending on the ruling on the Motion for Leave to Amend.

Based on Ms. Webster's Complaint—the only operative pleading in the case—Bayview offered to satisfy Ms. Webster's entire demand, thereby extinguishing any dispute over which to litigate and mooting this case. Bayview moved to dismiss this action based on its offer of full relief and Ms. Webster's refusal of the offer. Ms. Webster opposes the Motion to Dismiss, asserting that (1) the proposed class claims and the pending Motion for Class Certification preclude the case from being mooted by Bayview's offer, and (2) Bayview's offer did not provide full relief that would satisfy her entire demand. The Court will address the disputes in turn.

**A. Class Claims and Class Certification**

The Seventh Circuit has explained that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011).

> That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court. Even when a complaint clearly and in great detail describes the suit as a class action suit, if the plaintiff does not seek class certification, then dismissal of the plaintiff's claim terminates the suit.

*Id.* "[A]n offer to a named plaintiff does not moot a class action unless it comes before class certification is sought," and "a plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief." *Id.* at 895; *see also Board of School Comm'rs v. Jacobs*, 420 U.S. 128, 129–30 (1975); *Turek v. General Mills, Inc.*, 662 F.3d 423, 424–25 (7th Cir. 2011); *Breneisen*, 656 F.3d at 706; *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Holstein*, 29 F.3d at 1147.

The case law is clear that, in order for a plaintiff to avoid the mooting of her case on the basis that the defendant's offer does not fully satisfy both the individual and class claims, the complaint must clearly identify the suit as a class action and a motion to certify the class must be filed before the defendant's offer is made. See the cases cited in the preceding paragraph and *Gates*, 623 F.3d at 413. ("That plaintiffs sought to certify a restitution class does not change this result because they did not add the claims or move to certify the class until after their personal stake in the action had evaporated.") In this case, a motion for class certification was on file when Bayview tendered its offer of full relief to Ms. Webster. But there was no class complaint on file.

Bayview tendered its offer of full relief based on the currently operative Complaint for individual relief. Ms. Webster's premature filing of the Motion for Class Certification as to her a proposed amended complaint did not prevent Bayview's tender of full relief from rendering Ms. Webster's individual claims moot. Ms. Webster's argument regarding the proposed class claims and the pending Motion for Class Certification does not help her survive Bayview's Motion to Dismiss.

**B.    Offer of Full Relief for Individual Claims**

Ms. Webster asserts that Bayview's offer did not provide full relief to satisfy her entire demand, so the case was not mooted by the offer, and dismissal is not appropriate. Ms. Webster

6

reads conditions and qualifications into Bayview's offer and then alleges that Bayview's offer was not "an unconditional offer to pay the plaintiff the entirety of her demand" required to moot the case. *Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1127 (7th Cir. 2014). These supposed conditions and qualifications are (1) the non-admission of liability, (2) a request for confirmation of the number of telephone calls Bayview made to Ms. Webster's cellular telephone, and (3) a reservation of rights in the event Ms. Webster did not accept the offer.

Parties routinely reserve their rights and expressly deny liability in settlement offer letters to avoid being prejudiced and to protect themselves in the event that the other party does not accept their settlement offer. That Bayview included this standard language in its offer letter to Ms. Webster is of no consequence. This language did not put conditions on paying all damages and refraining from calling Ms. Webster's cellular telephone. The inclusion of "no admission of liability" language and a reservation of rights did not diminish or condition the amount of relief that Bayview offered to Ms. Webster.

The TCPA prohibits using an automatic telephone dialing system to make telephone calls to cellular telephones without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). A private right of action exists for individuals to seek damages and injunctive relief for violations of the TCPA. 47 U.S.C. § 227(b)(3). An individual may obtain injunctive relief to enjoin future violations and may recover $500.00 in damages for each violation of the TCPA. *Id.* If the violator knowingly or willfully violated the TCPA, then the damages award may be increased to $1,500.00 for each violation. *Id.*

In its offer to Ms. Webster, Bayview agreed to refrain from contacting Ms. Webster's cellular telephone in any manner that would violate the TCPA. This provided the full injunctive

7

relief that Ms. Webster sought and to which she was entitled. Bayview also offered to pay $1,500.00 for each telephone call Bayview made to Ms. Webster's cellular telephone.

Ms. Webster complains that Bayview conditioned its offer of $1,500.00 for each telephone call made to her cellular telephone on her ability to provide records substantiating the telephone calls, and that with its reservation of rights and denial of liability, even if Ms. Webster provided records of the telephone calls, Bayview still could refuse to pay by claiming that the telephone calls were not made in violation of the TCPA. Ms. Webster also argues that Bayview limited the number of telephone calls for which it would pay her to only those telephone calls "received" by Ms. Webster, instead of all telephone calls "made to" her. She asserts that she can only substantiate telephone calls that she actually answered without having Bayview's records in hand. But this argument ignores common sense. Ms. Webster need only look at her "missed call" records to determine any other telephone calls Bayview made to her that she did not answer. Ms. Webster's assertions are an unreasonable interpretation of Bayview's offer letter. Bayview offered to pay Ms. Webster $1,500.00 for each telephone call it made to her cellular telephone regardless of whether the telephone call violated the TCPA. Bayview simply asked Ms. Webster to count the number of telephone calls and send a record to Bayview so that it could write a check to her. This was not a conditional offer. The most that Ms. Webster could be awarded for each violation of the TCPA is $1,500.00. Bayview offered this amount for each telephone call made to Ms. Webster's cellular telephone. This provided the full amount of relief that Ms. Webster sought and to which she was entitled.

Ms. Webster also asserts that Bayview's offer did not include an award of attorney fees under the TCPA. Additionally, the offer did not provide for any declaratory relief. But as Bayview correctly notes, Ms. Webster's Complaint did not request attorney fees, and the TCPA does not

provide for recovery of attorney fees or for declaratory relief. *See* 47 U.S.C. § 227(b)(3); *Holstein*, 29 F.3d at 1147; *Gold Seal Termite & Pest Control Co. v. DirecTV, Inc.*, 2003 U.S. Dist. LEXIS 11205, at *12 (S.D. Ind. June 10, 2003).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When a debt collector fails to comply with any provision of the FDCPA, it is liable for any actual damages sustained by the plaintiff, statutory damages up to $1,000.00, and attorney fees and costs. 15 U.S.C. § 1692k. When Bayview tendered its offer to Ms. Webster, it specifically included an offer of $7,500.00 for Ms. Webster's FDCPA claim (which was based on receiving one letter from Bayview): $1,000.00 for the maximum statutory damage amount, and $6,500.00 for any prejudgment interest, actual damages, attorney fees, and costs. If the $6,500.00 did not cover all actual damages and attorney fees and costs, Bayview offered to pay any additional amount as determined by the Court.

Ms. Webster responds by simply claiming that this offer failed to make her whole. She did not propose any other amount that would make her whole. She did not put forward evidence supporting a higher amount of damages. In fact, she did not put forward any evidence regarding any damages. Instead, Ms. Webster noted cases and their legal conclusions to support her legal argument. But each of the cases relied upon by Ms. Webster are distinguishable. The offers in those cases included actual conditions on the offer, only statutory damages and not actual damages, or objective reductions in the total amount of damages offered. When Bayview submitted evidence that Ms. Webster's claims were mooted by its tender of full relief, Ms. Webster was obliged to submit evidence to show that a controversy still exists that could give jurisdiction to this Court. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–45 (7th Cir. 2009) (once the defendant produces evidence calling the plaintiff's standing and the court's subject matter

9

jurisdiction into question, the presumption of correctness of the complaint's allegations falls away, and the plaintiff must come forward with evidence that standing and jurisdiction still exist). Ms. Webster failed to submit any evidence regarding damages to show that Bayview's offer failed to fully compensate her for all her claims.

Bayview's tender offered the full extent of statutory damages available under the FDCPA—$1,000.00. It also offered $6,500.00 for any prejudgment interest, actual damages, attorney fees, and costs. Bayview further offered to pay any additional amount if the $6,500.00 did not fully cover the prejudgment interest, actual damages, attorney fees, and costs. Bayview cited to the case of *Blum v. Lawent* to provide a comparison of damages awarded in another FDCPA action, where, as here, only one letter was sent to the debtor. *Blum v. Lawent*, 2004 U.S. Dist. LEXIS 21846, at *12–14 (N.D. Ill. Sept. 27, 2004) (awarding $64.00 in actual damages and $1.00 in statutory damages for a single letter). Ms. Webster failed to produce evidence to show that $6,500.00 would not fully compensate her for any actual damages sustained, attorney fees, and costs. Further, any argument that Ms. Webster could make that the amount tendered does not fully compensate her for her attorney fees would be unfruitful. *See Breneisen*, 656 F.3d at 706 ("costs and fees are *ancillary* to the merits of a claim" so "an interest in attorney's fees is insufficient to create a case or controversy when none exists on the merits").

Ms. Webster also complains that Bayview's offer did not provide for declaratory and injunctive relief with respect to her FDCPA claim. However, the FDCPA does not provide for declaratory or injunctive relief to private plaintiffs. *See* 15 U.S.C. § 1692k; *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) ("the FDCPA does not permit private actions for declaratory or injunctive relief"); *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 545 (N.D. Ill. 2012). Thus, because declaratory and injunctive is not available, Bayview's failure

to offer such relief with respect to the FDCPA claim does not render Bayview's tender of full relief deficient.

The Court finds that Bayview's offer fully satisfied Ms. Webster's individual claim in the operative Complaint before it. The offer, whether or not it is accepted, moots Ms. Webster's claim. As stated earlier, the doctrine of mootness limits the jurisdiction of federal courts to live cases or controversies; because Ms. Webster has no remaining stake in the case, the Court must grant the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

## IV. <u>CONCLUSION</u>

Bayview offered to tender the full relief sought by Ms. Webster in her Complaint when (1) it offered to pay $1,500.00 for each telephone call Bayview made to Ms. Webster's cellular telephone; (2) it agreed to refrain from contacting Ms. Webster's cellular telephone in any manner that would violate the TCPA; (3) it agreed to pay $1,000.00 in statutory damages for the FDCPA claim; and (4) it offered an additional $6,500.00 for any actual damages, prejudgment interest, attorney fees, and costs under the FDCPA. This offer provided the full injunctive and monetary relief that Ms. Webster sought and to which she was entitled. Ms. Webster rejected Bayview's offer, but with no live dispute or controversy remaining, this Court lost jurisdiction. Therefore, the Court **GRANTS** Bayview's Motion to Dismiss. ([Filing No. 47](Filing No. 47)).

Ms. Webster's Motion for Leave to File an Amended Complaint ([Filing No. 27](Filing No. 27)) and Motion for Class Certification ([Filing No. 29](Filing No. 29)) are **DENIED** as moot. Bayview's Motion for Oral Argument on its Motion to Dismiss ([Filing No. 50](Filing No. 50)) and Motion to Strike Motion for Class Certification ([Filing No. 46](Filing No. 46)) also are **DENIED** as moot.

**SO ORDERED.**

11

Date: 02/03/2015

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chrissy Michelle Dunn
BLANK ROME, LLP
cdunn@blankrome.com

John R. Wirthlin
BLANK ROME, LLP
jwirthlin@blankrome.com

Andrew C. Glass
K&L GATES LLP
andrew.glass@klgates.com

Gregory N. Blase
K&L GATES LLP
gregory.blase@klgates.com

Jennifer J. Nagle
K&L GATES LLP
jennifer.nagle@klgates.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Beth E. Terrell
TERRELL MARSHALL DAUDT & WILLIE PLLC
bterrell@tmdwlaw.com

Michael D. Daudt
TERRELL MARSHALL DAUDT & WILLIE PLLC
mdaudt@tmdwlaw.com